IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MACK MANDRELL LOYDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 3:20-CV-0710 |
| v. | ) JURY DEMANDED |
| | ) |
| CORIZON HEALTH, INC.; CAROLYNN | ) Judge Eli J. Richardson |
| KOLESNIKOFF; ELLIOT GARRETT; MOLLY | ) Magistrate Judge Alistair E. Newbern |
| O'TOOLE; KEISHA BEAN; CHRISTOPHER | ) |
| SMITH; and BROOKE EDWARDS, | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF CORIZON HEALTH, INC., MOLLY O'TOOLE, KEISHA BEAN, AND CHRISTOPHER SMITH

For its Answer to the Complaint, Corizon Health, Inc., Molly O'Toole, Keisha Bean, and Christopher Smith (hereinafter "Defendants"), state as follows:

### I. THE PARTIES

1.1   Defendants admit that Mack Mandrell Loyde (hereinafter "Plaintiff") is a prisoner in the custody of the Tennessee Department of Corrections ("TDOC").

1.2   The allegations contained within Paragraph No. 1.2 of the Complaint are admitted.

1.3   The allegations contained in Paragraph 1.3 of the Complaint are not directed to these Defendants for which a response is required.

1.4   The allegations contained in Paragraph 1.4 of the Complaint are not directed to these Defendants for which a response is required.

1.5   It is admitted that Defendant Molly O'Toole is a psychiatrist employed by Defendant under contract with the Tennessee Department of Corrections. It is admitted that she is

a resident of Davidson County. The remaining allegations contained in Paragraph 1.5 of the Complaint are denied.

1.6  It is admitted that Defendant Keisha Bean is a psychologist employed by Defendant under contract with the Tennessee Department of Corrections. It is admitted that she is a resident of Davidson County. The remaining allegations contained in Paragraph 1.6 of the Complaint are denied.

1.7  It is admitted that Defendant Christopher Smith is a mental health counselor employed by Defendant under contract with the Tennessee Department of Corrections. It is admitted that he is a resident of Davidson County. The remaining allegations contained in Paragraph 1.7 of the Complaint are denied.

1.8  Defendants are without sufficient information or knowledge to form a belief as the truth of the allegations contained in Paragraph 1.8 of the Complaint.

## II.  JURISDICTION

2.1  It is admitted that this Court has jurisdiction of this case.

## III.  VENUE

3.1  It is admitted that venue is proper in the Middle District of Tennessee.

## IV.  NATURE OF THE CASE

4.1  To the extent the allegations contained in Paragraph 4.1 of the Complaint are directed to these Defendants and allege liability of any kind whatsoever, the same are denied.

## V.  FACTS

5.1  Upon information and belief, the allegations contained in Paragraph 5.1 of the Complaint are admitted.

5.2     Upon information and belief, the allegations contained in Paragraph 5.2 of the Complaint are admitted.

5.3     The allegations contained in Paragraph 5.3 of the Complaint are admitted.

5.4     The allegations contained in Paragraph 5.4 of the Complaint are admitted.

5.5     It is admitted that Plaintiff has received mental health treatment from Defendant Kolesnikoff. Without identifying a specific timeframe in 2019, Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations contained in Paragraph 5.5 of the Complaint.

5.6     The allegations contained in Paragraph 5.6 of the Complaint are admitted.

5.7     The allegations contained in Paragraph 5.7 of the Complaint are not directed to these Defendants for which a response is required.

5.8     To the extent the allegations contained in Paragraph 5.8 of the Complaint are directed to these Defendants, the same are denied.

5.9     To the extent the allegations contained in Paragraph 5.9 of the Complaint are directed to these Defendants, the same are denied.

5.10    To the extent the allegations contained in Paragraph 5.10 of the Complaint are directed to these Defendants, the same are denied.

5.11    The allegations contained in Paragraph 5.11 of the Complaint are denied.

5.12    The allegations contained in Paragraph 5.12 of the Complaint are denied.

5.13    To the extent the allegations contained in Paragraph 5.13 of the Complaint are directed to these Defendants, the same are denied.

5.14    To the extent the allegations contained in Paragraph 5.14 of the Complaint are directed to these Defendants, the same are denied.

5.15    The allegations contained in Paragraph 5.15 of the Complaint are not directed to these Defendants for which a response is required.

5.16    The allegations contained in Paragraph 5.16 of the Complaint are not directed to these Defendants for which a response is required.

5.17    To the extent the allegations contained in Paragraph 5.17 of the Complaint are directed to these Defendants, the same are denied.

5.18    Defendants admit that an investigation was conducted by TDOC officials concerning Defendant Kolesnikoff. Defendants are without sufficient information or knowledge to form a belief as the truth of the remaining allegations contained in Paragraph 5.18 of the Complaint.

5.19    Defendants are without sufficient information or knowledge to form a belief as the truth of the allegations contained in Paragraph 5.19 of the Complaint.

5.20    To the extent the allegations contained in Paragraph 5.20 of the Complaint are directed to these Defendants, the same are denied.

5.21    The allegations contained in Paragraph 5.21 of the Complaint state a legal conclusion for which no response is required.

5.22    The allegations contained in Paragraph 5.22 of the Complaint are not directed to these Defendants for which a response is required.

5.23    The allegations contained in Paragraph 5.23 of the Complaint are not directed to these Defendants for which a response is required.

5.24    The allegations contained in Paragraph 5.24 of the Complaint state a legal conclusion for which no response is required. However, it is denied that these Defendants were aware of any unlawful sexual conduct.

5.25 To the extent the allegations contained in Paragraph 5.25 of the Complaint are directed to these Defendants, the same are denied.

5.26 To the extent the allegations contained in Paragraph 5.26 of the Complaint are directed to these Defendants, the same are denied.

5.27 The allegations contained in Paragraph 5.27 of the Complaint are denied.

5.28 The allegations contained in Paragraph 5.28 of the Complaint are denied.

5.29 The allegations contained in Paragraph 5.29 of the Complaint are denied.

5.30 The allegations contained in Paragraph 5.30 of the Complaint state a legal conclusion for which a response is not required. Additionally, the allegations contained in Paragraph 5.30 of the Complaint are denied to the extent they seek to impose liability on these Defendants.

5.31 To the extent the allegations contained in Paragraph 5.31 of the Complaint are directed to these Defendants, the same are denied.

5.32 The allegations contained in Paragraph 5.32 of the Complaint are denied.

## COUNT I
**(Eighth Amendment - Sexual Abuse)**

6.1 The allegations contained in Paragraph 6.1 of the Complaint are not directed to these Defendants for which a response is required.

6.2 The allegations contained in Paragraph 6.2 of the Complaint are not directed to these Defendants for which a response is required.

6.3 The allegations contained in Paragraph 6.3 of the Complaint state a legal conclusion for which no response is required.

6.4 The allegations contained in Paragraph 6.4 of the Complaint are not directed to these Defendants for which a response is required.

6.5     The allegations contained in Paragraph 6.5 of the Complaint are not directed to these Defendants for which a response is required.

## COUNT II
**(Eighth Amendment – Failure to Protect)**

7.1     To the extent the allegations contained in Paragraph 7.1 of the Complaint are directed to these Defendants, the same are denied.

7.2     To the extent the allegations contained in Paragraph 7.2 of the Complaint are directed to these Defendants, the same are denied.

7.3     To the extent the allegations contained in Paragraph 7.3 of the Complaint are directed to these Defendants, the same are denied.

7.4     To the extent the allegations contained in Paragraph 7.4 of the Complaint are directed to these Defendants, the same are denied.

7.5     To the extent the allegations contained in Paragraph 7.5 of the Complaint are directed to these Defendants, the same are denied.

## COUNT III
**(State Law Claims – Negligent Hiring and Supervision)**

8.1     The allegations contained in Paragraph 8.1 of the Complaint are admitted.

8.2     The allegations contained in Paragraph 8.2 of the Complaint are denied.

8.3     The allegations contained in Paragraph 8.3 of the Complaint are denied.

8.4     The allegations contained in Paragraph 8.4 of the Complaint are denied.

## DAMAGES

9.1     The allegations contained in Paragraph 9.1 of the Complaint are denied.

9.2     The allegations contained in Paragraph 9.2 of the Complaint are denied.

9.3     The allegations contained in Paragraph 9.3 of the Complaint are denied.

## DEMAND

1-5.  To the extent the allegations contained in paragraphs 1-5 of the demand are directed to these Defendants, the same are denied. It is denied that Plaintiff is entitled to any recovery whatsoever from these Defendants under any theory of liability.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to completely exhaust his administrative remedies as required by the Prison Litigation Reform Act with regard to these Defendants and this Complaint should be dismissed. Specifically, Plaintiff has not followed any grievance procedure as required under the P.L.R.A.

2. Defendants deny that they violated any of the Plaintiff's constitutional rights, including the rights appearing under the Eighth Amendment of the United States Constitution.

3. Defendants deny that they acted in any manner which could be described as deliberately indifferent to the rights of the Plaintiff, or that they intentionally deprived the Plaintiff of any of his constitutional rights.

4. Defendants rely upon any and all immunities, whether absolute and/or qualified, and state that, at all times, they acted in good faith and did not deny any of the Plaintiff's constitutional rights. Therefore, Plaintiff is not entitled to any recovery as to these Defendants.

5. Plaintiff's Complaint, in whole or in part, may be barred by the applicable statute of limitations.

6. Defendants rely upon all of her affirmative defenses set forth in Federal Rules of Civil Procedure, Rule 12(b).

7. Corizon Health, Inc. complied with the applicable standard of care as an employer in all respects and is not liable to the Plaintiff. Corizon Health, Inc. appropriately hired, retained, and supervised Defendant Kolesnikoff.

8. Corizon Health, Inc. adopts and incorporates the allegations made by the Plaintiff against Defendant Kolesnikoff and alleges comparative fault against Defendant Kolesnikoff under Tennessee's system of modified comparative fault. In the unlikely event of a jury verdict in favor of the Plaintiff, these Defendants demand the jury apportion fault and any award be modified in accordance with Tennessee law.

9. Defendant Kolesnikoff's actions as outlined in the Plaintiff's Complaint occurred outside the scope of her employment and therefore Corizon Health, Inc. is not liable to Plaintiff for Defendant Kolesnikoff's actions.

10. Defendants assert that Plaintiff consented to some or all of the interactions between him and Defendant Kolesnikoff and is therefore barred from recovery.

11. Defendant Corizon Health, Inc. requests a bifurcated trial on any claim of direct liability.

12. Plaintiff is not entitled to punitive damages from these Defendants because Plaintiff has not plead specific facts to support such an award.

13. Any award of punitive damages is limited and subject to applicable provisions of the Constitution of the United States, including but not limited to, the due process clauses of the Fifth and Fourteenth Amendments, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, and any applicable federal law. Any award of punitive damages is similarly limited and subject to the Constitution of the State of

Tennessee and any applicable Tennessee law. Defendants request a bifurcated trial on the issue of punitive damages.

14. Defendant affirmatively reserves its right to amend, at any time throughout this case, any of the foregoing affirmative defenses and/or responses, and/or to assert additional defenses that may become warranted due to the discovery of factual developments.

**WHEREFORE**, Defendants, now having fully answered, deny any and all allegations not heretofore specifically admitted, as if specifically denied herein, deny that that are liable to the Plaintiff for any sum or sums, and demand a jury in this case to try all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Hunter Hinton*
John F. Floyd, Sr., #14310
John F. Floyd, Jr., #035133
Hunter Hinton, #037157
WICKER SMITH O'HARA McCOY & FORD, P.A.
3990 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
Phone: (615) 369-3300
Fax:    (615) 369-3333
jfloyd@wickersmith.com
jfloydjr@wickersmith.com
hhinton@wickersmith.com
*Counsel for Defendants Molly O'Toole, Keisha Bean, Christopher Smith, and Corizon Health, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Raymond ("Chip") T. Throckmorton, III
2016 8th Avenue South
Nashville, Tennessee 37203
rttiii@bellsouth.net
*Counsel for Plaintiff*

Leanne A. Thorne
Thorne Law
Post Office Box 262
Lexington, Tennessee 38351
thornelaw@hotmail.com
*Counsel for Plaintiff*

James Bryan Moseley
Moseley & Moseley
237 Castlewood Drive, Suite D
Murfreesboro, Tennessee 37129
*Counsel for Plaintiff*

Entered this 29th day of October 2020.

*/s/ Hunter Hinton*