IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MACK MANDRELL LOYDE, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:20-cv-00710 |
| | ) JUDGE RICHARDSON |
| CORIZON HEALTH, INC., et al. | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Defendant Carolynn Kolesnikoff's Motion to Set Aside Entry of Default (Doc. No. 45, "Motion"). Plaintiff Mack Mandrell Loyde has responded in opposition to the Motion. (Doc. No. 48). For the following reasons, the Motion will be granted.

### BACKGROUND

On August 20, 2020, Plaintiff filed his Complaint in this Court against seven defendants, including Defendant Kolesnikoff. (Doc. No. 1). Plaintiff served Defendant Kolesnikoff on September 22, 2020. (Doc. No. 12). On November 24, 2020, Plaintiff filed a motion for entry of default judgment against Defendant Kolesnikoff. (Doc. No. 29). The magistrate judge held an initial case management conference on December 2, 2020, and Defendant Kolesnikoff appeared at the conference. (Doc. No. 31). The magistrate judge instructed Defendant Kolesnikoff to enter an appearance in the case and respond to the pending motion for entry of default. (*Id.* at 3). On December 14, 2020, the Clerk entered default against Defendant Kolesnikoff pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 39). On February 22, 2021, Defendant Kolesnikoff filed

the instant Motion, seeking to set aside the entry of default against her. Plaintiff has not filed a motion for default judgment against Defendant Kolesnikoff.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(c), a district court may set aside an entry of default for good cause, and "the district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).[1] To determine whether relief is available to the movant, the court considers (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011) (citing *United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)). A court reviewing a Rule 55(c) motion should be "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits," *United Coin*, 705 F.2d at 846, and the Court must "'construe[ ] all ambiguous or disputed facts in the light most

---

[1] In her Motion, Defendant Kolesnikoff relies on Rule 60(b), which employs a more stringent standard for setting aside default judgments than the "relatively relaxed 'good cause' standard [under Rule 55(c)] for setting aside a Clerk's entry of default." *The Indep. Order of Foresters v. Ellis-Batchelor*, No. CV 20-10619, 2021 WL 1650273, at *2 (E.D. Mich. Feb. 4, 2021) (quoting *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010)); *see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011) (explaining that the more stringent Rule 60(b) standard does not apply unless "the court has determined damages and a judgment has been entered"). Nevertheless, Defendant Kolesnikoff's arguments are applicable because a Rule 60(b) analysis applies the same factors as a Rule 55(c) analysis. *Compare, United Coin Meter Co. v. Seaboard C. R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (to set aside a default judgment under 60(b), the moving party must demonstrate that: (1) its culpable conduct did not cause the default; (2) it has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the default judgment) *with Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (setting forth elements to set aside an entry of default). Thus, in consideration of Defendant Kolesnikoff's pro se status, the Court will construe her Motion as one brought under Rule 55(c).

favorable to the defendant[ ],' resolving any doubts in his favor." *Dassault Systemes*, 663 F.3d at 841 (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)) (alternations in original).

## ANALYSIS

I. *Whether Culpable Conduct of Defendant Kolesnikoff Led to the Default*

Turning to the first factor that must be considered—whether the default is the result of culpable conduct—a defendant's conduct leading to a default is willful or culpable if the defendant "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes*, 663 F.3d at 841 (citing *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). "[M]ere negligence or failure to act reasonably is not enough to sustain a default." *$22,050.00 U.S. Currency*, 595 F.3d at 327.

Defendant Kolesnikoff argues that her conduct was not culpable because she "mistakenly believed that it was necessary for her to respond by way of attendance at the scheduled phone case management meeting, which she did dutifully attend." (Doc. No. 46 at 3). She avers in an affidavit attached to the Motion that she "believed in good faith that [her] attendance at the Case Management Conference in December 2020 was all that was required to date to actively participate in [her] defense." (Doc. No. 45-1 at ¶ 6). The magistrate judge's initial case management order notes that Defendant Kolesnikoff did indeed appear at the initial case management conference. (Doc. No. 31). Additionally, Defendant Kolesnikoff cites various health issues that she maintains interfered with her ability to respond at the time she was served, and additionally contends that she did not become aware that she could access the case filings via PACER until February 2021. (Doc. No. 46 at 3).

Plaintiff argues that Defendant Kolesnikoff's acts were culpable because at the initial case management conference the magistrate judge informed her that she would need to file an appearance and respond to Plaintiff's (at that time) pending motion for entry of default judgment, and yet she took no action until she filed the instant Motion over two months later on February 22, 2021. (Doc. No. 48 at 3).

Although Defendant Kolesnikoff could have taken more swift action, the Court is cognizant that Defendant Kolesnikoff is proceeding pro se in this action, and therefore the Court must hold her to a less stringent standard than it does those represented by counsel. *See Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001) (explaining that courts have a duty to "liberally construe the briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel"). Additionally, the Sixth Circuit has directed that "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin*, 705 F.2d at 844-45. Thus, the Court concludes that Defendant Kolesnikoff's behavior fails to rise to the level of the particularly culpable conduct required to deny a motion to set aside the default, because there is simply no indication that Defendant Kolesnikoff "display[ed] either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *See Dassault Systemes*, 663 F.3d at 841 (citing *Shepard Claims Serv.*, 796 F.2d at 194). Accordingly, this factor weighs in favor of granting the Motion.

II. *Whether Defendant Kolesnikoff has a Meritorious Defense*

The Court next considers whether Defendant Kolesnikoff has advanced a meritorious defense. *United Coin*, 705 F.2d at 845. "[I]n order to establish a 'meritorious defense,' the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a

suggestion which, if proven at trial, would constitute a complete defense.'" *Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 434 (6th Cir. 1996) (quoting *INVST Fin. Grp.*, 815 F.2d at 398-99). The defendant does not have to demonstrate a likelihood of success on the merits; rather, this inquiry focuses on "the determination of whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *South Elec. Health Fund v. Bedrock Servs.*, 146 F. App'x 772, 777 (6th Cir. 2005). The test, therefore, is "not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true." *In re Park Nursing Ctr., Inc.*, 766 F.2d 261, 264 (6th Cir. 1985). A defense need not be supported by detailed factual allegations to be deemed meritorious. *$22,050.00 U.S. Currency*, 595 F.3d at 326.

Defendant Kolesnikoff argues that "after a meticulous and thorough review of the material facts," she will be able to offer "substantial and material evidence that will directly refute the Plaintiff's position." (Doc. No. 46 at 3). Plaintiff asserts that "Defendant Kolesnikoff has failed to demonstrate that she has such a defense" because "she makes only the conclusory claim that such a defense exist." (Doc. No. 48 at 3).

As noted above, in the context of setting aside default, the Sixth Circuit "does not require that a defense be supported by detailed factual allegations to be deemed meritorious." *$22,050.00 U.S. Currency*, 595 F.3d at 326. Although Defendant Kolesnikoff's assertion of "substantial and material evidence" that she contends will "refute Plaintiff's position," is indeed conclusory, "even conclusory assertions may be sufficient to establish the 'hint of a suggestion' needed to present a meritorious defense." *Dassault Systemes*, 663 F.3d at 843 (citation omitted). Defendant Kolesnikoff "is not obligated at this stage to provide detailed factual allegations," *id.*, and if Defendant Kolesnikoff is able to "refute Plaintiff's position" with "material evidence" as she

contends, then there is a "possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *South Elec. Health Fund*, 146 F. App'x at 777. Accordingly, this factor weighs in favor of granting the Motion.

      III. *Whether Plaintiff will be Prejudiced*

The Court next considers whether Plaintiff will be prejudiced by setting aside the default. *United Coin*, 705 F.2d at 845. It is the plaintiff's burden, in opposing the motion to set aside the clerk's entry of default, to point to, if not prove, some kind of negative impact—more than mere delay—resulting from the defendant's failure to timely file an answer. *See Thompson*, 95 F.3d at 433. This is because "[m]ere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment" because every default that has ever been set aside has necessarily embraced some delay in the proceedings. *United Coin*, 705 F.2d at 845. "Nor does increased litigation cost generally support entry of default." *Dassault Systemes*, 663 F.3d at 842. Rather, the prejudice inquiry focuses on "the future prejudice that will result from reopening the judgment, not prejudice that has already resulted from defendant's conduct." *Id*. (emphases added, citation omitted). For example, a delay "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id*. (citing *INVST Fin. Grp.*, 815 F.2d at 398).

With admirable candor, Plaintiff concedes that "there is likely little prejudice to [Plaintiff] if the entry of default is set aside," because the case is still in the discovery phase, and default judgment has not yet been entered. (Doc. No. 48 at 4). Accordingly, this factor weighs in favor of granting the Motion.

## CONCLUSION

To be sure, Defendant Kolesnikoff's response to the complaint, and the entry of default, was not ideal. But it does not have to be.

As discussed above, the Court finds that all three applicable factors weigh in favor of granting the Motion. Recognizing this, and that the Sixth Circuit "favor[s] a policy of resolving cases on the merits instead of on the basis of procedural missteps," *$22,050.00 U.S. Currency*, 595 F.3d at 322, the Court **GRANTS** Defendant's Motion and **DIRECTS** that the Clerk's entry of default (Doc. No. 39) be set aside.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE