IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MACK MANDRELL LOYDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 3:20-CV-0710 |
| v. | ) JURY DEMANDED |
| | ) |
| CORIZON HEALTH, INC.; CAROLYNN | ) Judge Eli J. Richardson |
| KOLESNIKOFF; ELLIOT GARRETT; MOLLY | ) Magistrate Judge Alistair E. Newbern |
| O'TOOLE; KEISHA BEAN; and BROOKE | ) |
| EDWARDS, | ) |
| | ) |
| Defendants. | ) |

**SUGGESTION OF BANKRUPTCY AND NOTICE OF AUTOMATIC STAY**

Tehum Care Services, Inc. d/b/a Corizon Health, Inc. ("TCS" or the "Debtor"), one of the named defendants herein, files this *Suggestion of Bankruptcy and Notice of Automatic Stay* and would respectfully show as follows:

(1) On February 13, 2023 (the "Petition Date"), TCS filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The case is pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, under Case No. 23-90086 (CML) (the "Chapter 11 Case").

(2) As a result of the commencement of the Chapter 11 Case, section 362 of the Bankruptcy Code operates as a stay, applicable to all entities, of (i) commencement or continuation of a judicial, administrative or other action or proceeding against the Debtor that was or could have been commenced before the commencement of the Chapter 11 Case, or to recover a claim against the Debtor that arose before the commencement of the Chapter 11 Case; (ii) the enforcement, against the Debtor or against the property of their bankruptcy estates, of a judgment obtained before the commencement of the Chapter 11 Case; (iii) any act to obtain possession of property of

the estate or of property from the estates or to exercise control over property of the Debtor's estate; and (iv) any act to create, perfect, or enforce a lien against property of the Debtors' estate.

(3) The stay set forth in 11 U.S.C. § 362(a) became effective automatically upon the commencement of the Chapter 11 Case. If any party violates the stay, the Debtor may seek to have such actions deemed void, move for sanctions in the Bankruptcy Court and recover actual damages, including costs and attorneys' fees, arising from the violation of the stay.

In this case, Debtor is a party and is obligated as insurer to Defendants O'Toole and Bean.

Respectfully submitted,

*/s/ John Floyd, Jr.*
John F. Floyd, Sr., #14310
John F. Floyd, Jr., #035133
WICKER SMITH O'HARA McCOY & FORD, P.A.
3990 Hillsboro Pike, Suite 300
Nashville, Tennessee 37215
Phone: (615) 369-3300
Fax:    (615) 369-3333
jfloyd@wickersmith.com
jfloydjr@wickersmith.com
*Counsel for Defendants Molly O'Toole, Keisha Bean, and Corizon Health, Inc.*

# CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Raymond ("Chip") T. Throckmorton, III
2016 8th Avenue South
Nashville, Tennessee 37203
rttiii@bellsouth.net
*Counsel for Plaintiff*

Leanne A. Thorne
Thorne Law
Post Office Box 262
Lexington, Tennessee 38351
thornelaw@hotmail.com
*Counsel for Plaintiff*

James Bryan Moseley
Moseley & Moseley
237 Castlewood Drive, Suite D
Murfreesboro, Tennessee 37129
*Counsel for Plaintiff*

The following party will be served via U.S. Mail, postage prepaid, and by electronic mail:

Carolynn Kolesnikoff
401 Kayle Court
Mt. Juliet, Tennessee 37122
Carolynnvb2k@gmail.com
*Pro se Defendant*

This 17th day of February, 2023.

                                                                           */s/ John Floyd, Jr.*